FILED

2019 OCT 28 PM 3: 06

SUPERIOR COURT
OF GUAM

**IN THE SUPERIOR COURT
OF GUAM**

IN THE MATTER OF THE ESTATE

OF

ALFONSO FRANCISCO ESCAMILLA,

Deceased.

Probate Case No. PR0131-13

**DECISION & ORDER**

**INTRODUCTION**

This matter came before the Honorable Michael J. Bordallo on the Majority Heirs' Motion for Reconsideration and Request for Trial on Contested Issue. Attorney Cynthia Ecube is the Administratrix for the Estate of Alfonso Francisco Escamilla. Attorney Jacqueline Terlaje represents heirs Lawrence P. Escamilla, Andrew Escamilla, Alfonso J. Escamilla, Giana Escamilla, Gemma Babauta, Patrick Escamilla, Julia McDonald, Lorena Cabrilo, Joanna McDonald, and Brianna McDonald ("Majority Heirs"). Attorney Georgette Concepcion represents heirs Lenora McGeough, Rosalina Wirkkunen, CarmenAnne McGeough, Brendan McGeough, Jacqueline Yu, and Benedict Reyes ("Remaining Heirs"). Having reviewed the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order **DENYING** the Majority Heirs' Motion.

## BACKGROUND

This matter arises out of Administratrix Cynthia Ecube's Petition for Preliminary Distribution filed December 1, 2017. In the Petition, the Administratrix requested that the Court grant a preliminary distribution of a portion of the monetary proceeds held in the Estate's bank account to the seventeen heirs in accordance with the decedent's will. The Administratrix proposed a cash distribution of $20,000.00 to each heir, for a total distribution of $340,000.00. Additionally, the Administratrix argued that certain heirs – Lawrence Escamilla, Patrick Escamilla, Andrew Escamilla, and Julia McDonald – have received advancements from rental payments collected from the Escamilla Apartments and other rental properties. The Administratrix therefor proposed that these heirs should not receive the full $20,000.00 preliminary distribution, but should be credited for the sums they have already received.

On May 3, 2018, the Court issued a Decision and Order "(the May 3 Decision")" in which it found that certain payments totaling to the amount of $70,885.84 were paid to Lawrence after the death of decedent and using Estate funds, and such payments therefore required the Court's approval. Dec. and Order, pg. 6. Because the Court did not approve these payments, they constitute a preliminary distribution to Lawrence. *Id.* Thus, any distribution made to Lawrence will be offset by such prior payments. *Id.* The Court further found that the payments to Andrew, Patrick, and Julia were not advancements. *Id.* at 5-6. The Court ordered $20,000.00 be paid to all of the heirs except Lawrence. *Id.* at 7. The Majority Heirs now move for the Court to reconsider its decision.

## ISSUES

1. Whether the Motion for Reconsideration has been filed in a timely manner.

2. Whether the May 3 Decision was manifestly unjust and clearly erroneous because the

Court failed to consider whether the management fees and expenses paid to Lawrence were debts of the Estate.

## FACTS

1. Alonso Francisco Escamilla along with his wife Carmen Palomo Escalmilla, amassed real property during their lifetimes for the purpose of leasing the properties to generate rental income.

2. During Alonso's lifetime, Lawrence Escamilla was responsible for managing the rental properties on behalf of Alonso, which involved the collection of rent, preparing monthly spreadsheets of amounts received, maintenance and repair of rental properties, yard maintenance and trash disposal, in addition to other duties related to tenant demands.

3. Alfonso passed away on July 7, 2013. He left a will that was submitted to the Court on September 26, 2013 and a codicil to that will which was submitted to the Court on October 4, 2013.

4. The codicil contained a residuary clause through which Alonso devised the residue of his estate to the following beneficiaries in equal shares: Lawrence Escamilla, Lenora E. McGeough, Rosalina Escamilla Wirkkunen, Julia Escamilla McDonald, CarmenAnne Escamilla McGeough, Brendan J. McGeough, Benedict J. Escamilla Reyes, Jacqueline Escamilla Reyes Yu, Rena B. Escamilla McDonald, Joanna R. Escamilla McDonald, Brianna A. Escamilla McDonald, Alfonso J. Marston Escamilla, Patrick Lawrence Marston Escamilla, Andrew Steven Marston Escamilla, Gemma Rose Marston Escamilla, Gianna Marie Marston Escamilla, and "The Christian Endo Supplemental Special Needs Trust."

5. Following Alonso's death, Lawrence continued to manage the rental properties of the Estate, and from the collected rent he took a monthly stipend of $1,500.00 as "Management Gratuity."

6. On June 13, 2016, the Court issued an Order after Hearing which ordered that Estate Co-Administrator Giana Escamilla deposit all rental proceeds and monies collected from the Escamilla Apartments each month into the Estate's bank account. The Court further ordered that Co-Administrator Escamilla was to pay all proper expenses and costs associated with the Escamilla Apartments from the Estate's bank account.

7. On November 23, 2016, the Court held Co-Administrator Giana Escamilla in contempt for violating the June 13 Order after Hearing. The finding of contempt was based upon Giana's failure to deposit rental proceeds into the Estate's bank account and failure to pay maintenance expenses from the Estate's bank account.

8. On December 1, 2017, Administratrix filed a Petition for Preliminary Distribution, requesting that the Court grant a preliminary distribution of a portion of the monetary proceeds held in the Estate bank account to the seventeen heirs in accordance with the decedent's will. Administratrix sought a cash distribution of $20,000.00 to each heir, but argued that Lawrence, Patrick, Andrew, and Julia had already received advancements from rental payments and therefore should not receive the full $20,000.00.

9. On January 26, 2018, the Majority Heirs filed their Non-Objection to Preliminary Distribution and Objection to Determination of Advancement. The Majority Heirs objected to the Administratrix's position that the amounts received by Lawrence, Patrick, Andrew, and Julia were intended as advancements. As for the amounts paid to

Lawrence, the Majority Heirs argued that the amounts were "Management Fees and/or Management Gratuity" and therefore should be categorized as expenses of the Estate as opposed to advancements to an heir.

10. On May 3, 2018, the Court issued a Decision and Order on Administratrix's Petition for Preliminary Distribution. The Court held that the payments conveyed to Andrew, Patrick, and Julia were not intended as advancements. However, the Court further held that payments amounting to $70,885.84 paid to Lawrence as "Management Fees" were paid after the death of the decedent, and therefore the Court's approval was necessary. The Court did not approve those payments and they were therefore preliminary distributions to him. Any future distributions to Lawrence must therefore be offset by the amount of the preliminary distributions.

## PRINCIPLES OF LAW

The Majority Heirs seek reconsideration under Guam Rule of Civil Procedure 59. A court may reconsider a prior order only on the grounds of (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been mown to the party moving for reconsideration at the time of such decision; (2) the emergence of new material facts or a change of law occurring after the time of such decision; or (3) a manifest showing of a failure to consider material facts presented to the Court before such decision. Guam R. Civ. P. 59(e).

The Supreme Court of Guam further instructs that reconsideration may be granted where the trial court "(1) is presented with new evidence, (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10. The rule allows a court to reconsider and amend a previous

order, but is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir, 2000) (citation omitted).

Furthermore, "[m]otions made under Rule 59(e) are aimed at reconsideration, not initial consideration, and thus cannot be used to present a new legal theory, raise arguments for the first time, or present evidence for the first time when they could have reasonably been raised earlier." *Ethics Committee v. Maquera*, 2001 Guam 20 ¶ 9.

## ANALYSIS

### a. The Majority Heirs' motion is untimely.

As an initial matter, the Court notes that the Majority Heirs' motion has not been filed in a timely manner. The Court held a Status Hearing on April 16, 2019, during which counsel for the Majority Heirs informed the Court that the parties were unable to reach a settlement as to the distribution of the Estate and that the Majority Heirs would therefore be filing a motion for reconsideration of the May 3 Decision. The Court ordered such motion to be filed within ten days of the Status Hearing. The Majority Heirs then filed their Motion to Reconsider on May 31, 2019, which was thirty-five days after the Court-imposed deadline. The Majority Heirs did not seek an enlargement of the briefing period pursuant to Guam Rule of Civil Procedure 6(b). The issue of timeliness was argued by the Remaining Heirs in their opposition brief, yet the Majority Heirs filed a reply to the opposition which failed to address the issue of timeliness. While the lack of timeliness provides grounds for denial of the Majority Heirs' Motion, the Court will nonetheless address the merits of their argument.

### b. The Majority Heirs have not established a proper basis for reconsideration.

In the May 3 Decision, the Court held the following regarding the payments made to

Lawrence:

> Finally, Lawrence Escamilla has received $70,885.84 after the death of the decedent between 2013 and 2016 for "Management Fees" and "Management Gratuity." Because these payments were made after the death of the decedent and with Estate funds, the Court's approval of these payments was necessary. However, the Court did not approve these payments. As such, the Court determines that the unauthorized payments made to Lawrence Escamilla serve as a preliminary distribution to him. Thus, any distribution made to Lawrence Escamilla will be offset by the amount he has already received as a preliminary distribution.

Decision and Order at 6 (May 3, 2018).

The Majority Heirs argue that the Court's determination of an advancement to Lawrence Escamilla, without consideration that management fees and expenses are debts of the Estate, was clear error and manifestly unjust. This argument is based upon Section 2719, which provides that if it appears that debts of the decedent have been paid without verified claims having been approved, and it is proven that such debts were justly due and paid in good faith, the Superior Court shall allow the sums to be paid. 15 GCA § 2719. The Majority Heirs did not argue the applicability of Section 2719 before the issuance of the May 3 Decision. The Remaining Heirs argue that the failure of the Majority Heirs to make this argument in their Objection prevents them from presenting it in a motion for reconsideration.

The Majority Heirs claim that their failure to argue the applicability of Section 2719 during the initial consideration of this matter is justified because the only issue before the Court was whether certain amounts were advancements under Section 2901. The Court disagrees. The May 3 Decision was issued pursuant to the Administratrix's Petition for Preliminary Distribution, which argued that Lawrence should not be entitled to receive any further distributions because he has already received advances totaling $70,885.84. Pet. for Preliminary Distribution at ¶ 9 (Dec. 1, 2017). The Majority Heirs responded to the Petition,

filing their Non-Objection to Preliminary Distribution and Objection to Administratrix's Determination of Advancement on January 26, 2018. The Majority Heirs had the opportunity to present Section 2719 as a possible defense to Administratrix's intention of denying Lawrence from receiving an advance. Despite its availability, the Majority Heirs failed to make this argument. It is therefore improper for the Majority Heirs to make this argument for the first time in a motion for reconsideration. *See Ethics Committee v. Maquera*, 2001 Guam 20 ¶ 9.

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court **DENIES** the Majority Heirs' Motion for Reconsideration.

SO ORDERED, this ___28___ day of ___October___ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

Law office of
Center V. Leub?
Date: 10/28 Time: 3:28 pm

*Linda M. Perez*
Deputy Clerk, Superior Court of Guam